IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DANAE BROWN, AS EXECUTRIX OF THE ESTATES OF ROBERT MOSS AND BRENDA MOSS; AND AMANDA ANDREWS, ADMINISTRATOR OF THE ESTATES OF CHARLES SAUNDERS AND PEGGY SAUNDERS,**<br><br>          Plaintiffs,<br><br>vs.<br><br>**MORGAN STANLEY SMITH BARNEY, LLC,**<br><br>          Defendant. | Case No.:  **3:24-cv-00119** |

## COMPLAINT

### STATEMENT OF THE PARTIES

1.     The Plaintiff, Danae Brown, is the executrix of the Estates of Robert Moss and Brenda Moss, her deceased parents. Danae Brown is a resident citizen of Lee County, Alabama and is over the age of nineteen years.

2.     The Plaintiff, Amanda Andrews, is the administrator of the Estates of Charles Saunders and Peggy Saunders, her deceased parents. Amanda Andrews is a resident citizen of Mobile County, Alabama and is over the age of nineteen years. The Plaintiffs will be referred to as the Alabama Creditors.

3.     The defendant, Morgan Stanley Smith Barney, LLC is wholly owned by Morgan Stanley Capital Management, LLC, which is wholly owned by Morgan Stanley. Morgan Stanley is a foreign corporation formed under the laws of Delaware. The Defendant will hereinafter be

referred to as Morgan Stanley. Morgan Stanley may be served by serving its registered agent: CT Corporation System, 2 North Jackson St., Suite 605, Montgomery, Alabama 36104.

## JURISDICTION

4. Jurisdiction is proper in the federal district court based upon diversity jurisdiction as the Defendant is diverse from the Plaintiffs in this action and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

## VENUE

5. Venue is proper in this Court as one of the plaintiffs are citizens within this division of the United States District Court and all or substantially all of the wrongs complained of occurred in this division of the United States District Court.

## FACTS

6. The Plaintiffs in this action are the judgment creditors of several defendants arising from a judgment entered in the Circuit Court of Tallapoosa County, Alabama in the original amount of $1,600,000 entered on January 26, 2015.

7. During judgment collections, the Plaintiffs obtained a judgment and an amended judgment against Morgan Stanley under a "creditor's bill" in the amount of $856,622.39. Those documents are attached hereto and were numbered Documents 444 and 459 from the Circuit Court of Tallapoosa County, Alabama.

8. The Morgan Stanley judgment obligated Morgan Stanley to pay over a sum of money equal to the total amount of funds Morgan Stanley held in the name of the judgment debtors in the Circuit Court of Tallapoosa County, Alabama.

9. The Morgan Stanley judgment was entered after lengthy and protracted litigation in the Circuit Court of Tallapoosa County, Alabama where the judgment debtors raised and litigated claims of exemption to a final judgment adverse to them.

10. The amended Morgan Stanley judgment specifically stated that Rodney Dorand's claim of exemption as to retirement funds had been denied by the Court at Document 450.

11. After the Morgan Stanley judgment was entered, the Alabama Creditors, through counsel, contacted Morgan Stanley's department in charge of satisfying liens and judgments and provided them with the Morgan Stanley judgment and the amended Morgan Stanley judgment.

12. The amended judgment was necessary because Morgan Stanley asserted that it could not liquidate the judgment debtors' retirement account without specific authorization from the Circuit Court of Tallapoosa County, Alabama in the language of the judgment.

13. After the amended Morgan Stanley judgment was entered, Morgan Stanley, through its employee Jessica Como, represented that Morgan Stanley would liquidate the accounts and pay the judgment.

14. Those representations were false, and Morgan Stanley knew they were false when made.

15. Instead, Morgan Stanley suppressed the truth of the matter that Morgan Stanley had entered into a conspiracy with the judgment debtors to hold the funds in the judgment debtor's individual retirement account long enough for one of the judgment debtors to file for bankruptcy in the Northern District of Florida.

16. In the Northern District of Florida, the judgment debtor, who had lost his claim of exemption in the Circuit Court of Tallapoosa County, Alabama, was allowed to relitigate his claim of exemption to the retirement funds in the Northern District of Florida Bankruptcy Court.

17. The Northern District of Florida Bankruptcy Court did not give the Alabama judgment full faith and credit and ruled contrary to the Circuit Court of Tallapoosa County, Alabama that the funds were exempt.

18. The Alabama Creditors appealed that ruling to the Eleventh Circuit and oral arguments are currently set of March 6, 2024.

19. Also, despite being granted a right of set-off in the amended judgment from the Circuit Court of Tallapoosa County, Alabama, Morgan Stanley never took a position in the Northern District of Florida that it was entitled to enforce the right of set off granted by the Circuit Court of Tallapoosa County, Alabama to satisfy the judgment entered against Morgan Stanley in Tallapoosa County, Alabama.

20. During the litigation between the judgment debtors and the Alabama Creditors regarding the claim of exemption in the Florida Bankruptcy Court, Morgan Stanley was deposed on March 2, 2022.

21. In that deposition, the Alabama Creditors learned for the first time that Morgan Stanley had not withdrawn the funds from the IRA account of the judgment debtors prior to the judgment debtor filing for bankruptcy in the Northern District of Florida.

22. On March 2, 2022, the Alabama Creditors were alerted by Morgan Stanley's 30(b)(6) testimony that the representations and promises of Morgan Stanley's employee in judgment and lien satisfaction, Jessica Como, were false, fraudulent, and suppressed the actual truth of Morgan Stanley's actions to honor and abide by the amended Morgan Stanley judgment.

23. Because of Morgan Stanley's misrepresentations and suppression of material facts, the Alabama Creditors did not move to enforce their judgment prior to the judgment debtor's bankruptcy.

24. Because Morgan Stanley suppressed the truth of its actions, i.e., that is did not remove the funds from the judgment debtor's IRA account prior to his bankruptcy filing, the Alabama Creditors were lulled into a false belief that Morgan Stanley intended to obey the judgment of the Circuit Court of Tallapoosa County, Alabama by the affirmative representations of Morgan Stanley that it had liquidated the judgment debtors' accounts.

25. There was no way that the Alabama Creditors could have discovered the falsity of Morgan Stanley's statements and Morgan Stanley's misrepresentations until the deposition of Morgan Stanley's 30(b)(6) representative on March 2, 2022, in the bankruptcy litigation.

26. Because of Morgan Stanley's misconduct, the Alabama Creditors incurred hundreds of thousands of dollars relitigating the exemption question in the Northern District of Florida bankruptcy court.

27. Because Morgan Stanley engaged in a conspiracy to deceive and defraud the Alabama Creditors, they suffered economic damages and mental anguish associated with the shock of learning that Morgan Stanley had actively assisted the judgment debtors in avoiding collections. The Alabama Creditors were denied the benefits of the judgment, including the use of the money and the interest on the money that should have been paid in obedience to the amended Morgan Stanley judgment.

28. Morgan Stanley's conduct was unfair, deceptive, and in violation of law.

29. The Alabama Creditors seek all damages allowed under the law.

## COUNT ONE

## FRAUD

30. After entry of the amended Morgan Stanley judgment, Morgan Stanley employees represented to the Alabama Creditors, through their counsel, that Morgan Stanley was liquidating

the judgment debtors' accounts in accordance with the directions of the Circuit Court of Tallapoosa County's amended judgment.

31. These representations were material and the Alabama Creditors reasonably relied upon these representations by forbearing enforcement and contempt proceedings against Morgan Stanley.

32. The Alabama Creditors reliance was reasonable as the representations came from employees in the judgment and lien satisfaction department of Morgan Stanley and were later confirmed by Morgan Stanley's counsel.

33. The Alabama Creditors were damaged by being forced to incur hundreds of thousands of dollars to relitigate in the Northern District of Florida bankruptcy court. The Alabama Creditors have lost the use of the money they are due under the judgment, including interest thereon. The Alabama Creditors have experienced mental anguish arising from Morgan Stanley's misconduct including worry, anxiety, and upset over Morgan Stanley's fraudulent conduct.

34. The Alabama Creditors claim all damages allowed under the law for their injuries.

## COUNT TWO

## SUPPRESSION

35. At the aforesaid time and place, Morgan Stanley, through its employees, failed to disclose that it would not liquidate the judgment debtors' accounts in obedience to the amended Morgan Stanley judgment.

36. The failure to disclose this fact was material. By failing to disclose this fact, Morgan Stanley avoided a contempt proceeding in the Circuit Court of Tallapoosa County, Alabama *and* caused the Alabama Creditors the losses they suffered by being forced to incur

hundreds of thousands of dollars to relitigate in the Northern District of Florida bankruptcy court. The Alabama Creditors have lost the use of the money they are due under the judgment, including interest thereon. The Alabama Creditors have experienced mental anguish arising from Morgan Stanley's misconduct including worry, anxiety, and upset over Morgan Stanley's fraudulent conduct.

37. Morgan Stanley had a duty to disclose to the Alabama Creditors that Morgan Stanley was not going to liquidate the judgment debtors' accounts in obedience to the amended Morgan Stanley judgment because of the circumstances of the case.

38. The Alabama Creditors suffered the injuries and damages detailed above including being forced to incur hundreds of thousands of dollars to relitigate in the Northern District of Florida bankruptcy court. The Alabama Creditors have lost the use of the money they are due under the judgment, including interest thereon. The Alabama Creditors have experienced mental anguish arising from Morgan Stanley's misconduct including worry, anxiety, and upset over Morgan Stanley's fraudulent conduct.

39. The Alabama Creditors seek all damages allowed by law for injuries inflicted by Morgan Stanley.

**COUNT THREE**

**ENFORCEMENT OF THE AMENDED MORGAN STANLEY JUDGMENT**

40. The Circuit Court of Tallapoosa County, Alabama entered the amended judgment against Morgan Stanley on January 11, 2021, in the amount of $856,622.39.

41. The judgment became final and non-appealable 42 days after its entry.

42. Morgan Stanley never appealed the judgment of the Circuit Court of Tallapoosa County, Alabama.

43. To date, the judgment remains unpaid and is accruing legal interest.

44. Morgan Stanley owes the Alabama Creditors the full amount of the amended Morgan Stanley judgment, plus all the accrued interest at the judgment rate of interest, plus the costs of collections of the amended Morgan Stanley judgment.

WHEREFORE, the Plaintiffs claim all damages allowable under law for the Defendants wrongdoing including compensatory and punitive damages, legal interest, and the costs of this action including reasonable attorney's fees.

*Respectfully submitted*,

**DANAE BROWN AS EXECUTRIX OF THE ESTATES OF ROBERT MOSS AND BRENDA MOSS, AND AMANDA ANDREWS, ADMINISTRATOR OF THE ESTATES OF CHARLES SAUNDERS AND PEGGY SAUNDERS**

*/s/ Nick Wooten*
Nick Wooten
DJC LAW, PLLC
1012 West Anderson Lane
Austin, Texas 78757
(512) 220-1800
nick@teamjustice.com

*Counsel for Plaintiffs*