IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DANAE BROWN, ) | |
| AS EXECUTRIX OF THE ESTATES ) | |
| OF ROBERT MOSS AND BRENDA ) | |
| MOSS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 3:24-cv-119-RAH-CWB |
| ) | [WO] |
| MORGAN STANLEY SMITH ) | |
| BARNEY, LLC, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

## INTRODUCTION

Unsuccessful in their efforts to recover on a monetary judgment from Rodney Dorand,[1] a judgment debtor in Alabama state court and a bankruptcy debtor in a bankruptcy proceeding filed in the Northern District of Florida, the Plaintiffs now chase Defendant Morgan Stanley Smith Barney, LLC—the custodian of one of Dorand's individual retirement accounts (IRA). Here, the Plaintiffs' claim is that they would have obtained Dorand's IRA assets but for Morgan Stanley's false statements prior to Dorand's bankruptcy filing.

Setting aside whether Morgan Stanley acted fraudulently—and, if it did, whether that fraud actually harmed the Plaintiffs—Morgan Stanley moves for dismissal on statute of limitations and privilege grounds. Morgan Stanley's motion

---

[1] *In re Dorand*, 95 F.4th 1355 (11th Cir. 2024).

1

to dismiss is fully briefed and thus ripe for decision.  For the reasons set forth more fully below, the motion is due to be **GRANTED**.

## BACKGROUND

In January 2015, the Circuit Court of Tallapoosa County, Alabama issued a $1.6 million default judgment in favor of the Plaintiffs against Rodney Dorand and others related to a condominium development at Lake Martin.  To collect on the judgment, the Plaintiffs sought a writ of garnishment from the state court against Morgan Stanley, the custodian of one of Dorand's IRAs, and obtained a creditor's bill—an "equitable proceeding brought by a creditor to enforce the payment of a debt out of property of his debtor[.]"  *Wyers v. Keenon*, 762 So. 2d 353, 355 (Ala. 1999) (alterations adopted) (internal quotation marks omitted) (quoting *Creditor's Bill*, BLACK'S LAW DICTIONARY 369 (6th ed. 1990)).  Such a bill "permits a court to 'bring any other party before it' and 'adjudge . . . property, or the interest of the defendant' in the property 'to the satisfaction of the sum due the plaintiff.'"  *In re Dorand*, 95 F.4th 1355, 1363 (11th Cir. 2024) (quoting Ala. Code § 6-6-180).  The creditor's bill here "obligated Morgan Stanley to pay over a sum of money equal to the total amount of funds Morgan Stanley held in the name of the judgment debtors in the Circuit Court of Tallapoosa County, Alabama."  (Doc. 30 at 3.)

Dorand, however, challenged the Plaintiffs' collection efforts in the state court proceeding, claiming his Morgan Stanley IRA was exempt from the creditor's bill under Alabama law.  The state court ultimately disagreed with Dorand.  And, according to the Second Amended Complaint filed here, "the Alabama judgment provided . . . that Morgan Stanley was allowed to set off all amounts on deposit with Morgan Stanley from . . . Dorand . . . including any amounts held in an account designated as an Individual Retirement Account."  (*Id.*)

With the issue of the IRA exemption resolved by the state court, the Plaintiffs, through their legal counsel, Nick Wooten, contacted Morgan Stanley and spoke with

2

Morgan Stanley employee Jessica Como about complying with the judgment.  Ms. Como informed Mr. Wooten[2] on January 12, 2021 "that Morgan Stanley would process the needed liquidations to begin generating the cash to satisfy the judgment." (*Id.* at 4.)  On January 19, 2021, Ms. Como further informed Mr. Wooten that the liquidation of assets had yielded $800,539.46 in cash.  Mr. Wooten then informed Ms. Como that a check would need to be issued to the Circuit Clerk of Tallapoosa County.

Before any money was sent to the circuit clerk, Dorand's legal counsel emailed Ms. Como on January 20, 2021, threatening litigation over Morgan Stanley's actions to comply with the creditor's bill regarding Dorand's IRA. Dorand's litigation threat spooked Morgan Stanley, which then retained its own legal counsel, Louis Mendez.[3]  Once involved, Mr. Mendez asked Mr. Wooten for time to pay the judgment so that Morgan Stanley could clarify its legal obligations. According to the Second Amended Complaint, "Mr. Mendez repeatedly engaged in conversations with Plaintiffs' counsel where he represented that Morgan Stanley only wanted to follow the law and took no position on the dispute between Plaintiffs and their judgment debtor."  (*Id.* at 8.)

On April 1, 2021, before Morgan Stanley transferred the funds out of Dorand's IRA to the state court clerk to satisfy the judgment, Dorand filed for Chapter 7 bankruptcy protection in the Northern District of Florida.  In that proceeding, Dorand argued that the IRA funds were exempt property of the bankruptcy estate.  Consequently, "Plaintiffs' counsel agreed to temporarily forbear

---

[2] Mr. Wooten represents the Plaintiffs in this action (*see* doc. 30), opposed Dorand's efforts in the state court action to obtain the writ (*see* doc. 20-1 at 9) and creditor's bill (*see id.* at 16), communicated with Morgan Stanley about the IRA in 2021 (*see* doc. 30 at 3), and represented the Plaintiffs in Dorand's bankruptcy filing (*see* doc. 20-2 at 13).

[3] The same counsel representing Morgan Stanley in this action.

3

direct collection against Morgan Stanley while a comfort order was sought from the Bankruptcy Court[.]" (*Id.* at 9.) The Plaintiffs, through Mr. Wooten, appeared in that proceeding and objected to Dorand's assertion. Ultimately however, the bankruptcy court agreed with Dorand that the IRA funds were exempt property of the bankruptcy estate. The Eleventh Circuit later affirmed that decision on appeal. *See In re Dorand*, 95 F.4th 1355. The IRA funds have been sent by Morgan Stanley to the bankruptcy trustee.

In this action, the Plaintiffs claim that it was not until a Morgan Stanley corporate representative testified in the bankruptcy proceeding on March 2, 2022, that they learned for the first time that "Morgan Stanley failed to liquidate the accounts and remove the funds from the judgment debtor's IRA account prior to his bankruptcy filing" on April 1, 2021. (Doc. 30 at 15.) According to the Plaintiffs, Morgan Stanley led them to believe that the funds in Dorand's IRA had been liquidated and removed in January 2021. (*Id.* at 4–5, 10–11.) Morgan Stanley's alleged dishonesty injured the Plaintiffs because "[t]he Bankruptcy Court ruled that Morgan Stanley did not have a right of set off because Morgan Stanley did not complete the set off of Dorand's accounts before Dorand filed for bankruptcy." (*Id.* at 18.) In other words, because the funds were still held in Dorand's IRA when Dorand filed for bankruptcy protection, the Plaintiffs were unable to obtain the funds. And, as pertinent to this lawsuit, the Plaintiffs claim that because Morgan Stanley informed the Plaintiffs that the funds had been removed from the IRA in January, 2021 the Plaintiffs did not seek to enforce the judgment against Morgan Stanley prior to Dorand's bankruptcy filing. (*See id.* at 15.) The Plaintiffs then filed this lawsuit on February 20, 2024, bringing claims against Morgan Stanley for fraud, suppression, and conspiracy.

## JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this case based on diversity jurisdiction. 28 U.S.C. § 1332(a). The parties do not contest personal jurisdiction or venue.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555.)

"To decide whether a complaint survives a motion to dismiss, [district courts] use a two-step framework." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). "A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of the truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Here, the Plaintiffs "bear the burden of setting forth facts that entitle them to relief." *Worthy v. City of Phenix City*, 930 F.3d 1206, 1222 (11th Cir. 2019).

## DISCUSSION

According to Morgan Stanley, the Plaintiffs' claims must be dismissed for two reasons. First, Alabama's absolute litigation privilege bars the Plaintiffs' claims because "all of Morgan Stanley's alleged misrepresentations were made in the course of prior judicial proceedings, after the 'Amended Judgement' was entered by the Alabama State Court and during the pendency of Dr. Dorand's bankruptcy."

(Doc. 31 at 10.)  And second, Alabama's statute of limitations bars the claims. Because Alabama's absolute litigation privilege is dispositive, the Court pretermits discussion of whether the claims are also time-barred.

"[A] court may dismiss claims based on the litigation privilege where the allegations of the complaint establish that the defendant's conduct occurred under circumstances that amounted to a privileged setting." *Borden v. Malone*, 327 So. 3d 1105, 1112 (Ala. 2020) (quoting *July v. Terminix Int'l Co., Ltd. P'ship*, 387 F. Supp. 3d 1306, 1315 (S.D. Ala. 2019), *report and recommendation adopted sub nom. July v. Serv. Master*, No. 1:18-cv-24-TFM-B, 2019 WL 2438782 (S.D. Ala. June 10, 2019)).  Under Alabama law, "[p]ertinent statements made in the course of judicial proceedings are absolutely privileged." *Drees v. Turner*, 45 So. 3d 350, 358 (Ala. 2010) (citing *O'Barr v. Feist*, 296 So. 2d 152, 156–57) (Ala. 1974)).  "Provided the statements are made in the course of judicial proceedings, the absolute privilege will apply, excepting only 'slanderous imputations plainly irrelevant and impertinent, voluntarily made, and which the party making them could not have reasonably have supposed to be relevant." *Tolar v. Bradley Arant Boult Cummings*, No. 2:13-cv-132-JEO, 2014 WL 3974671, at *15 (N.D. Ala. Aug. 11, 2014) (quoting *Barnett v. Mobile Cnty. Pers. Bd.*, 536 So. 2d 46, 51 (Ala. 1988)).

In Alabama, the scope of "judicial proceedings" is broad: "an allegedly defamatory communication need not occur during a judicial proceeding and one accused of defamation need not actually participate in the judicial proceeding.  It is enough that the communication is *directly related and clearly relevant to a judicial proceeding* that was contemplated in good faith and under serious consideration." *Borden*, 327 So. 3d at 1116 (emphasis added) (internal quotation marks and citations omitted).  Moreover,

6

> the Alabama Supreme Court has provided guidance regarding what constitutes "judicial power," a "judicial act," and a "judicial function" in the context of absolute privilege. . . . "[J]udicial power is authority, vested in some court, officer, or person, to hear and determine, when the rights of persons or property, or the propriety of doing an act, are the subject-matter of adjudication. Official action, the result of judgment or discretion, is a judicial act."

*Gordon v. United States*, No. 2:15-cv-758-MHT-SRW, 2016 WL 6594104, at *7 (M.D. Ala. Aug. 31, 2016) (quoting *O'Barr v. Feist*, 296 So. 2d 152, 155–56 (Ala. 1974)), *report and recommendation adopted*, No. 2:15-cv-758-MHT, 2016 WL 6573964 (M.D. Ala. Nov. 4, 2016).

The Plaintiffs warn against finding that the litigation privilege applies here because, according to them, "[t]he question [would then] become[] what statements could possibly be subject to the litigation privilege." (Doc 33 at 12–14.) How could it be, the Plaintiffs query, that "every email, every phone call, every letter between attorneys" would be privileged? (*Id.* at 7.) Such a finding would mean that the litigation privilege "would swallow all communications in litigation and remove all constraints on undesirable professional behavior[.]" (*Id.* at 8.)

The Court sees no issue with finding that the communications between Morgan Stanley and Mr. Wooten (again, legal counsel who represented the Plaintiffs in the state court action) occurred during the course of, and were relevant to, the Alabama state court proceeding. First, Mr. Wooten was legal counsel representing the Plaintiffs in the state court action. Second, Morgan Stanley was a party in that action since Plaintiffs, through Mr. Wooten, had instituted a garnishment proceeding against it, to which Morgan Stanley had answered and therefore subjected Morgan Stanley to the state court's jurisdiction. Third, that action was still ongoing, although in a post-judgment collection stage. Fourth, Mr. Wooten's communications with Morgan Stanley, either directly with Ms. Como or indirectly through Morgan

Stanley's attorney, Mr. Mendez, concerned Morgan Stanley's *statements* about its compliance with the state court judgment and creditor's bill relative to that proceeding.

That this case does not involve accusations of defamation, as is the customary issue when the litigation privilege arises, is without consequence. *See Tolar*, 2014 WL 3974671, at *16 ("Alabama courts have also extended the privilege to tort claims beyond defamation." (collecting cases)). But much like a defamation claim, the Plaintiffs' allegations here involve claims about the falsity of statements; that is, statements about compliance with a judicial judgment during an ongoing judicial proceeding. *See Drees*, 45 So. 3d at 358 (collecting cases). The point of the privilege is the context, not the content. *O'Barr*, 296 So. 3d at 156 ("To make the defense of absolute privilege available, the communication must be made on a privileged occasion; *the circumstances* under which the defamatory language is used *are the occasion, and it is the occasion that is privileged*." (emphasis added) (citation omitted)). And here, that context is statements made to an attorney by a participant in ongoing litigation about compliance with a judgment by that participant. Those communications are inextricably intertwined with the legal objective of that proceeding. As such, Alabama's absolute litigation privilege applies to bar the Plaintiffs' claims against Morgan Stanley.

## VI. CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Defendant Morgan Stanley Smith Barney LLC's *Motion to Dismiss the Second Amended Complaint* is **GRANTED**.

(2) This case is **dismissed with prejudice**.

(3) Costs are taxed against the Plaintiffs.

**DONE**, on this the 30th day of July, 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE